I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: __7·22·09__

DEPUTY CLERK

FILED
CLERK, U.S. DISTRICT COURT

JUL 2 2 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| JOE A. HOUGHTON, | Case No. CV 09-04720 RSWL (AN) |
| Petitioner, | **ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |
| v. | |
| M.S. EVANS, Warden | |
| Respondent. | |

## I. BACKGROUND

Before the Court is a petition for a writ of habeas corpus ("Petition") brought by Joe A. Houghton ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and it raises five claims directed at Petitioner's 2004 conviction and sentence of 16 years to life that he sustained following a jury trial in the California Superior Court for Los Angeles County (case no. VA078683). (Pet. at 2.) For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

1

## II. DISCUSSION

2

**A.    Standard of Review**

3        Rule 4 of the Rules Governing Section 2254 Cases in the United States District

4   Courts, 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas

5   petition and "[i]f it plainly appears from the petition and any attached exhibits that the

6   petitioner is not entitled to relief in the district court, the judge must dismiss the

7   petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court

8   also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of

9   habeas corpus, and if it plainly appears from the face of the petition and any exhibits

10   annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may

11   prepare a proposed order for summary dismissal and submit it and a proposed

12   judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas

13   petition may be dismissed *sua sponte*, however, the district court must give the

14   petitioner adequate notice and an opportunity to respond before doing so. *Day v.*

15   *McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d

16   1039, 1043 (9th Cir. 2001).

17

**B.    Statute of Limitations**

18        The Petition is governed by the Antiterrorism and Effective Death Penalty Act

19   of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state

20   prisoners to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1); *see Lindh*

21   *v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the

22   limitation period begins to run from "the date on which the judgment became final by

23   conclusion of direct review or the expiration of the time for seeking such review." 28

24   U.S.C. § 2244(d)(1)(A).

25        The face of the Petition, attached exhibits, and relevant state court records[1/]

26

27        ―――――――――――――

          [1/]   The Court takes judicial notice of Petitioner's records in the state appellate

28                                                                                      (continued...)

Page 2

1   show Petitioner sustained his underlying conviction on July 27, 2004, and sentence

2   on September 13, 2004. (Pet. at 2; Official records of California courts.)  On March

3   15, 2006, the California Supreme Court (case no. S140808) denied his petition for

4   review, and Petitioner never filed a petition for certiorari with the United States

5   Supreme Court.  (Pet. at 3; Official records of California courts.)  Therefore, for

6   purposes of AEDPA's limitation period, Petitioner's judgment became final on June

7   13, 2006, the 90th day after the state high court denied his petition for review and the

8   last date for him to file a petition for certiorari with the Supreme Court. *Bowen v. Roe*,

9   188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations then started to run the

10  next day, June 14, 2006, and ended a year later on June 13, 2007.  28 U.S.C. §

11  2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001)

12  (the limitation period begins to run on the day after the triggering event pursuant to

13  Fed. R. Civ. P. 6(a)). Petitioner did not sign, date, and constructively file his pending

14  Petition in this matter until June 24, 2009[2] -- 742 days after the statute expired.

15

16            [1]  (...continued)

17  courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov.

18  *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take

19  judicial notice of relevant state court records in federal habeas proceedings).

20            [2]      Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is

21  deemed to be filed on the date the prisoner delivers the petition to prison authorities

22  for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379

23  (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The pending Petition

24  was filed by the Clerk on June 30, 2009, however, for purposes of the timeliness

25  analysis, the Court gives Petitioner the benefit of the doubt by assuming he

26  constructively filed the Petition on June 24, 2009, the date he signed it. (Pet. at 8.)

27  Petitioner is not entitled to the benefit of either of the constructive filing dates of his

     two previous federal habeas petitions that he signed on May 6, 2008 ("First Federal

     Petition") or November 5, 2008 ("Second Federal Petition"), because the Court

     granted Petitioner's request to voluntarily dismiss the petitions without prejudice.

28  (*See* case no. CV 08-7556-RSWL (AN), dkt. #5; case no. CV 08-03264-RSWL (AN),

                                                           (continued...)

1    Accordingly, absent some basis for tolling or an alternative start date to

2    AEDPA's limitation period under 28 U.S.C. § 2244(d)(1), the pending Petition is

3    time-barred.

4    **C.    Statutory Tolling**

5    AEDPA provides a statutory tolling provision that suspends the limitation

6    period for the time during which a "properly-filed" application for post-conviction or

7    other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip*

8    *v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th

9    Cir. 2005). An application is "pending" until it has achieved final resolution through

10   the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct.

11   2134 (2002). The limitation period is not tolled between the time a final decision is

12   issued on direct state appeal and the time a state collateral challenge is filed because

13   there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646

14   (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). On collateral

15   review, however, "intervals between a lower court decision and a filing of a new

16   petition in a higher court," when reasonable, fall "within the scope of the statutory

17   word 'pending'" thus tolling the limitations period. *Saffold*, 536 U.S. at 221, 223;

18   *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

19   On March 8, 2007 -- 267 days after the one-year limitation period started to run

20   on June 14, 2006 -- Petitioner constructively filed his first state habeas petition with

21   the superior court (case no. VA078683) and, on April 18, 2007, the petition was

22   denied, leaving 98 days remaining before the limitation period expired. (*See* Second

23

24

25

26   _____

27   [2]/    (...continued)

28   dkt. #9.) In any case, as the following analysis makes clear, even with the benefit of
     the earliest filing date, the instant Petition is still untimely.

1<br>

1  Federal Pet., Ex. C; Court's Ex. 1.[3/])  Under AEDPA, Petitioner is not entitled to

2  statutory tolling for this 267-day period, because there was no case "pending" during

3  this interval. *See Thorson*, 479 F.3d at 646; *Nino*, 183 F.3d at 1006.

4        Petitioner is entitled to statutory tolling from March 8, 2007, to April 18, 2007,

5  the 41-day period during which his first state habeas petition was pending and later

6  denied in the superior court.  28 U.S.C. § 2244(d)(2); *Bonner*, 425 F.3d at 1148.

7  Statutory tolling for this time extended *the* limitation period from June 13, 2007, to

8  July 24, 2007.

9        Petitioner then waited until May 15, 2008 -- another 393 days after the first state

10  habeas petition was denied on April 18, 2007, to file his second state habeas petition

11  with the California Supreme Court.

12        In *Chavis*, the United States Supreme Court held that, in the absence of a clear

13  direction or explanation from the California Supreme Court as to what constitutes a

14  _____

15      [3/]    The mailbox rule applies to *pro se* state habeas petitions. *Stillman v.*

16  *Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).  Contrary to Petitioner's assertion, he did not attach a copy of his first state habeas petition or accompanying proof of

17  service with the pending Petition. (Pet. at 4 ¶ 6(a)(3).) However, a copy of the prison

18  institution's mailing system for mailing to the state courts was attached to Petitioner's Second Federal Petition as Exhibit C. (*See* Second Federal Pet., Ex. C at 13-14.)

19  Further, pursuant to the Court's request during the pendency of the Second Federal

20  Petition and in accordance with the Court's authority to take judicial notice of relevant state court records in federal habeas proceedings, *see Smith*, 297 F.3d at 815, the

21  superior court provided the Court with a copy of its April 18, 2007 order denying

22  Petitioner's first state habeas petition ("4/18/07 Denial Order"). (*See* Second Federal Pet., Nov. 24, 2008 Order to Show Cause ("OSC"), Ex. 1, dkt. #3.) Collectively, these

23  documents show Petitioner constructively signed and mailed his first state habeas

24  petition to the superior court on March 8, 2007, and the 4/18/07 Denial Order was filed and mailed to Petitioner on April 20, 2007.  For purposes of the timeliness

25  analysis, the Court gives Petitioner the benefit of the doubt by assuming he

26  constructively filed his first state habeas petition on March 8, 2007, the earliest date that he could have delivered his first state habeas petition to the prison institution's

27  internal mailing system for mailing to the state court.  *See* Rule 3(d) of the Rules

28  Governing Section 2254 Cases in the United States District Courts.

"reasonable time" (or the legislative enactment of a determinate time limit), federal courts must conduct a case-by-case determination of whether the subject filing delay "was made within what California would consider a 'reasonable time.'" *Chavis*, 546 U.S. 198-99. The Supreme Court applied the foregoing principles and found "a totally unexplained, hence unjustified" period of at least six months filing delay to be unreasonable under California law. *Id.* at 201. The Supreme Court stated:

> [s]ix months . . . is far longer than the "short period[s] of time," 30 to 60 days, that most States provide for filing an appeal to the state supreme court. (citation omitted). It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court (citation omitted). We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay "reasonable." Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word "pending" as interpreted in *Saffold*.

*Id.*; *see also Waldrip*, 548 F.3d at 734 (adopting and interpreting *Chavis'* determination that an unjustified delay of more than six months is unreasonable).

Additionally, the Supreme Court provided the following guidance for determining timeliness:

> [T]he Circuit must keep in mind that, in *Saffold*, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States, *i.e.*, that California's "reasonable time" standard would not lead to filing delays

1    substantially longer than those in States with determinate

2    timeliness rules.

3    *Chavis*, 546 U.S. at 199-200 (*citing Saffold*, 536 U.S. at 222-23); *see also* Cal. R. Ct.

4    28(e)(1) (allowing only 10 days to file a petition for review of a decision by the court

5    of appeal, including habeas corpus decisions.)

6        Petitioner states he "never received a case number, nor response" to the first

7    state habeas petition that he filed in the superior court.  (Pet. at ¶6(a)(2).)   This

8    statement does not justify or explain his 393-day delay in filing his second habeas

9    petition with the state high court (case no. S163563) for the following reason.  As

10   discussed above, the superior court's 4/18/07 Denial Order was filed and mailed to

11   Petitioner on April 20, 2007.[4/]  Under the circumstances, the Court finds Petitioner

12   cannot justify or explain his inordinate delay.  Even if Petitioner did not receive a copy

13   of the superior court's 4/18/07 Denial Order because it was lost in the prison mail

14   room or never delivered to him shortly after it was mailed, Petitioner has not provided

15   a reasonable explanation for his failure to inquire about the status of his first state

16   habeas petition within a reasonable time after he constructively filed it.  In this regard,

17   Petitioner also fails to explain why he found it was appropriate to file his second

18   habeas petition with the state high court 393 days after his first state habeas petition

19   was denied on April 18, 2007, even though he still had not ostensibly received any

20   response from the superior court.  *See Chavis*, 546 U.S. at 198-99; *compare In re*

21

22        [4/]    The Court notes the 4/18/07 Denial Order is four pages in length and the
first page of the Order correctly identifies Petitioner's name in the case caption and
23   first sentence, and it bears the correct case number assigned to his first state habeas
24   petition.  Further, the substance of the order, including, *inter alia*, the date of
     conviction, the nature of offense, and the length of sentence, accurately summarizes
25   Petitioner's conviction and sentence in the trial court.  However, the last sentence of
26   the 4/18/07 Denial Order erroneously refers to Petitioner as "Mike Bush."  (Second
     Federal Pet., Ex. 1 at 4:1-2.)  The Court finds this error appears to stem from the
27   superior court's use of a prior order as a form and its coterminous oversight in revising
28   the order.

1    *Stankewitz*, 40 Cal. 3d 391, 396-97 n.1 (1985) ("Assuming that . . . the delay was

2    substantial," petitioner met his burden of showing circumstances sufficient to justify

3    the delay.) Consequently, the Court finds statutory tolling is unwarranted for the 393-

4    day period running from April 18, 2007, to May 15, 2008. It is clearly "longer than

5    the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an

6    appeal to the state supreme court," and "far longer than the 10-day period California

7    gives a losing party to file a notice of appeal in the California Supreme Court."

8    *Chavis*, 546 U.S. at 199-200 (finding no bright line rule, but determining 6-month

9    delay not reasonable); *Waldrip*, 548 F.3d at 735-36 (258 and 393 days delay

10   unreasonable), *Gaston v. Palmer*, 447 F.3d 1165, 1167 (9th Cir. 2006) (10, 15, and 18

11   months delay unreasonable); *Wilson v. Evans*, No. CV 07-7978-MMM (SH), 2009 WL

12   890721, at *3 (C.D. Cal. Mar. 31, 2009) (111-day delay unreasonable); *Forrister v.*

13   *Woodford*, No. 1:05-CV-00170 LJO WMW HC, 2007 WL 809991, at *2-3 (E.D. Cal.

14   Mar. 15, 2007) (88-day delay unreasonable); *Ray v. Marshall*, No. CV F 06-1898 DLB

15   HC, 2007 WL 3096157, at *3-4 (E.D. Cal. Oct. 22, 2007) (139-day delay

16   unreasonable); *Jackson v. Ollison*, No. 06-CV-1123-IEG(AJB), 2007 WL 433188, at

17   *5 (S.D. Cal. Jan. 23, 2007) (8-month delay unreasonable).

18        Therefore, the remaining three habeas petitions filed in the state high court (case

19   nos. S163563, S168176, S169346) were filed after the extended expiration of the

20   statute of limitations period, and have no tolling consequence.[5] *See Ferguson v.*

21   *Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the

22   reinitiation of the limitations period that has ended before the state petition was

23   filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (stating that filing of state

24

_____

25   [5] *See Houghton (Joe A.) on H.C.*, No. S163563, Cal. Supreme Ct. (filed May

26   15, 2008, denied Oct. 16, 2008); *Houghton (Joe A.) on H.C.*, No. S168176, Cal.
     Supreme Ct. (filed Nov. 10, 2008, denied May 13, 2009); *Houghton (Joe A.) on H.C.*,

27   No. S169346, Cal. Supreme Ct. (filed Dec. 29, 2008, denied May 13, 2009). (Pet. at

28   4-5; Official records of California courts.)

1    petition after AEDPA's one-year time period has elapsed bars federal habeas review);

2    *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that

3    is filed following the expiration of the limitations period cannot toll that period

4    because there is no period remaining to be tolled").

5        Accordingly, the Petition is untimely by 701 days (the amount of untolled time

6    between the new limitation deadline (07/24/07) and the Petition's constructive filing

7    date (6/24/09)).

8    **D.**     **Alternative Start of the Statute of Limitations**

9        **1.**     **State-Created Impediment**

10        In rare instances, AEDPA provides that its one-year limitation period shall run

11    from "the date on which the impediment to filing an application created by State action

12    in violation of the Constitution or laws of the United States is removed, if the

13    applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B).

14    Asserting that the statute of limitations was delayed by a state-created impediment

15    requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th

16    Cir. 2002). Petitioner's filings do not set forth any facts that show he is entitled to

17    relief under this provision.

18        **2.**     **Newly Recognized Constitutional Right**

19        AEDPA provides that, if a claim is based upon a constitutional right that is

20    newly recognized and applied retroactively to habeas cases by the United States

21    Supreme Court, the one-year limitation period begins to run on the date which the new

22    right was initially recognized by the United States Supreme Court. 28 U.S.C. §

23    2244(d)(1)(C). Petitioner's filings do not set forth any facts that show he is entitled

24    to relief under this provision.

25        **3.**     **Discovery of Factual Predicate**

26        AEDPA also provides that, in certain cases, its one-year limitation period shall

27    run from "the date on which the factual predicate of the claim or claims presented

28    could have been discovered through the exercise of due diligence." 28 U.S.C. §

2244(d)(1)(D); *see also Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Petitioner's filings do not set forth any facts that show he is entitled to relief based upon a late discovery of the factual predicate.

**E.      Equitable Tolling**

The United States Supreme Court has not yet decided whether AEDPA's limitation period allows for equitable tolling but it has assumed without deciding that it is available where the parties have agreed. *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079, 1085 (2007) ("We have not yet decided whether § 2244(d) allows for equitable tolling."); *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005) ("We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations").

Although the Ninth Circuit has found equitable tolling is available, *Harris v. Carter*, 515 F.3d 1051, 1054 n.4. (9th Cir. 2008), it has cautioned "[e]quitable tolling is justified in few cases," and that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (same). "This high bar is necessary to effectuate the 'AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims.'" *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006). Further, "[e]quitable tolling determinations are 'highly fact-dependent.'" *Id.* The petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

Moreover, in *Pace*, the Supreme Court clearly established that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418; *Lawrence*, 549 U.S. at 336. *Pace*'s diligence prong requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitation period was

running. *Mendoza*, 449 F.3d at 1070; *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (stating that equitable tolling requires a showing that "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll" and "extraordinary circumstances prevented him from filing his petition on time"). Further, the petitioner must demonstrate that he exercised reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances began otherwise the "link of causation between the extraordinary circumstances and the failure to file [is] broken." *Spitsyn*, 345 F.3d at 802.

By way of his Motion for Appointment of Counsel Due to Inadequate Law Library ("Motion"), which Petitioner separately filed shortly after he filed the instant Petition, he argues appointment of counsel is warranted because he "doesn't know what new rulings have come out of the Federal Courts on issues like equitable tolling . . . ." due to his lack of access to the law library and legal materials. (Mot. at 1-2, dkt. #3.) In support of his contention, Petitioner proffers a type-written declaration from fellow prison inmate Stahley that was signed and dated by Stahley on June 10, 2009. (Mot., Stahley Decl., Ex. A.)   In its entirety, the declaration states:

> That the facility law library 1.) does not have library staff with basic knowledge of legal research or trained legal assistant. 2.) Legal books, legal newspapers etc have been removed from the law library, and the four computers available to the inmate population of one thousand have not been updated, due to California Budget crisis. (That's the excuse by law librarian Ms. Miranda, but refuses to put it into writing), which by virtue constitutes failure to provide the level of assistance required under *Bounds v. Smith*, 430 U.S. 817, 821, 97 S. Ct. 1491 (1977).
>
> 3.  There are no Daily Appellate Reporter, which inmates don't know what new rulings have come out of the Federal Courts and even United States Supreme Court.

(*Id.*)   Liberally construed, Petitioner appears to contend he is entitled to equitable

1    tolling because of his ignorance of the law and/or inadequate law library access.

2    Petitioner's contentions are factually and legally frivolous.

3       At the outset, it is factually frivolous because the relevant state court records

4    and records of this Court indisputably establish that Petitioner knew how to file, either

5    through his own devices or from other sources, habeas petitions with the state and

6    federal courts before he filed his pending Petition.  Since the conclusion of his direct

7    review, Petitioner has filed four state post-conviction collateral challenges, as well as

8    three federal habeas petitions in this Court, including the instant Petition, and he has

9    complied with all court orders.

10      Further, neither a prisoner's ignorance of the law nor lack of legal sophistication

11    constitute extraordinary circumstances warranting equitable tolling. *See, e.g., Johnson*

12    *v. United States*, 544 U.S. 295, 311, 125 S. Ct. 1571 (2005) ("[W]e have never

13    accepted *pro se* representation alone of procedural ignorance as an excuse for

14    prolonged inattention when a statute's clear policy calls for promptness"); *Rasberry*

15    *v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal

16    sophistication is not, by itself, an extraordinary circumstance warranting equitable

17    tolling" of AEDPA's limitation period); *Hall v. Brown*, No. 07-06922-DDP (VBK),

18    2009 WL 435102, at *11 (Feb. 13, 2009) (same); *Ekenberg v. Lewis*, No. C 98-1450

19    FMS (PR), 1999 WL 13720, at *2 (N.D. Cal. Jan. 12, 1999) ("Ignorance of the law

20    and lack of legal assistance do not constitute such extraordinary circumstances."); *see*

21    *also Hinton v. Pac. Enter.*, 5 F.3d 391, 396-97 (9th Cir. 1993) (mere ignorance of the

22    law generally is an insufficient basis to equitably toll the running of an applicable

23    statute of limitations); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.

24    1991) (neither "lack of knowledge of applicable filing deadlines," nor "unfamiliarity

25    with the legal process," nor "lack of representation during the applicable filing

26    period," nor "illiteracy," provides a basis for equitable tolling); *Turner v. Johnson*, 177

27    F.3d 390, 392 (5th Cir. 1999) (prisoner's lack of legal training, poor education, or

28    illiteracy is an insufficient basis to toll the limitation period); *Mulholland v. Hornbeck*,

No. EDCV 08-00823-MLG, 2008 WL 4554780, at *4  (C.D. Cal. Oct. 8, 2008) (neither "lack of education [nor] legal knowledge and expertise" warrant equitable tolling); *see also Lara v. Adams*, No. 1:08-CV-00706 OWW GSA HC, 2008 WL 4347746, at *4 (E.D. Cal. Sept. 22, 2008) (same); *Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy and lack of knowledge of law unfortunate but insufficient to establish "cause" for avoiding procedural bar on habeas claims).

Equally without merit is Petitioner's vague and conclusory allegation that he should be entitled to equitable tolling because of his lack of access to the law library or legal materials.  It is firmly established that the lack of access to the prison law library or legal materials does not generally qualify as an "extraordinary circumstance" sufficient to equitably toll the statute of limitations for federal habeas petitions. *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2002) (as amended) (holding the lack of access to library material does not automatically qualify as grounds for equitable tolling); *see also Rosati v. Kernan*, 417 F. Supp. 2d 1128, 1132 (C.D. Cal. 2006); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (petitioner's alleged lack of access to law library materials and resulting unawareness of the limitation period until it was too late did not warrant equitable tolling); *Deayon v. Walker*, No. CV 08-5566 RSWL (FMO), 2009 WL 772936, at *3 (C.D. Cal. Mar. 17, 2009); *Xayasomloth v. Cate*, No. 08CV260 BEN (AJB), 2009 WL 514286, at *4 (S.D. Cal. Feb. 27, 2009); *Wilder v. Runnels*, No. C031478 CRB (PR), 2003 WL 22434102, at *3 (N.D. Cal. Oct. 22, 2003).  This is particularly true, where, as here, Petitioner has failed to establish that he made any timely or proper requests for access to the law library or show exactly what legal materials he actually needed during the relevant period in order to prepare and file his Petition in a timely manner, and that his requests for access and legal materials were denied.  By way of Stahley's declaration, Petitioner tries to show he was unable to gain access to the law library or legal materials.  However, Petitioner has failed to allege or establish any causal link between Stahley's allegations about his own alleged inability to use the library and access his materials and Petitioner's failure

1   to file a timely federal habeas petition.  Further, Stahley's naked allegations are not
2   corroborated by any other evidence such as declarations or affidavits from the warden,
3   prison librarian, or other prison officials.  In addition, Petitioner's inadequate law
4   library contention ignores the clearly established premise that "prison law libraries and
5   legal assistance programs are not ends in themselves, but only the means for ensuring
6   a reasonably adequate opportunity to present claimed violations of fundamental
7   constitutional rights to the courts."  *Lewis v. Casey*, 518 U.S. 343, 351, 116 S. Ct.
8   2174 (1996).  "[M]eaningful access to the courts is the touchstone . . . and the inmate
9   therefore must go one step further and demonstrate that the alleged shortcomings in
10  the library or legal assistance program hindered [his] efforts to pursue a legal claim."
11  *Id*.  Neither the Petition nor Motion make the required demonstration.

12          In light of the above, the Court finds Petitioner is not entitled to equitable
13  tolling because he has failed to satisfy either of the *Pace* elements.  Petitioner has not
14  met his burden to show he was reasonably diligent in pursuing federal habeas relief
15  throughout the time that AEDPA's limitation period was running; nor has he shown
16  that he was prevented from filing a timely petition because of extraordinary
17  circumstances. *Brambles v. Duncan*, 412 F.3d 1066, 1069 (9th Cir. 2005); *see Bryant
18  v. Schriro*, 499 F.3d 1056, 1061 (9th Cir. 2007) (concluding that the unavailability of
19  case law interpreting § 2244(d) in an Arizona prison facility did not entitle the
20  petitioner to equitable tolling because of the petitioner's failure to establish the
21  requisite causal connection and his related failure to pursue his petition with
22  diligence).  Accordingly, Petitioner is not entitled to equitable tolling.
23  ///
24  ///
25  ///
26
27
28

Page 14

# O R D E R

Based on the foregoing, the Court finds the Petition is untimely.  Accordingly, Petitioner shall have until **August 11, 2009**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred.  In responding to this Order, Petitioner must show by declaration and any exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended.  If Petitioner contends he is entitled to tolling because of a lack of access to the prison law library due to a purported lockdown or some other state-created impediment, his written response must be supported by a declaration from the warden or prison librarian verifying that the law library and library materials were unavailable throughout the relevant time period because of the lockdown or other stated reason. Further, Petitioner must demonstrate that, during the time that access to the prison law library was allegedly unavailable, he made requests for legal materials to be brought to his cell and those requests were denied.

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to do so and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred.  Further, if Petitioner determines the Court's above analysis is correct and the Petition is clearly time-barred, he should file a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

IT IS SO ORDERED.

DATED: July 22, 2009

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE